IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JON GUBA,<br>    Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL PERSONAL<br>INSURANCE COMPANY,<br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 5:24-cv-00510-JKP |

## DEFENDANT'S SUPPLEMENT TO NOTICE OF REMOVAL

Defendant Liberty Mutual Personal Insurance Company ("Liberty") files this Supplement to Notice of Removal pursuant to 28 U.S.C. §1446(a) and to comply with the Court's May 20, 2024 Standing Order in Civil Cases Assigned to Judge Jason Pulliam (Doc. 2) with regard to properly pleading the citizenship of all parties:

*Procedural Background:*

1.  On April 4, 2024, Plaintiff Jon Guba filed his Original Petition ("Original Petition") in the 466th Judicial District Court of Comal County, Texas under Cause No. C2024-0580E and styled *Jon Guba v. Liberty Mutual Personal Insurance Company*. Liberty was served with citation on April 16, 2024, and filed its Original Answer on May 2, 2024.

*Nature of the Suit*

2.  This lawsuit involves a dispute over Liberty's handling of Plaintiff's insurance claim for damages to Plaintiff's property located at 2974 Ancestral Trail, Bulverde, Texas 78163 allegedly caused by a storm occurring on or about June 8, 2023. Plaintiff asserts causes of action against Liberty for breach of contract, noncompliance with the Texas Insurance Code (Unfair Settlement Practices), noncompliance with the Texas Insurance Code (the Prompt Payment of

Claims), breach of the duty of good faith and fair dealing and violations of the Texas Deceptive Trade Practices Act.

*Basis for Removal*

3.  Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.  There is complete diversity of citizenship between the parties to the lawsuit. At the time Plaintiff filed his Original Petition in District Court on April 4, 2024, and as of the date of filing this Notice, Liberty was and is a company organized under the laws of the State of Indiana whose principal place of business is 175 Berkeley Street, Boston, Massachusetts. Accordingly, at the time Plaintiff initiated this lawsuit, and through the filing of this Notice, Defendant Liberty is not a citizen of the State of Texas for diversity jurisdiction purposes.

5.  Upon information and belief, Plaintiff was a citizen of Texas when the Original Petition was filed, and Plaintiff continues to be a citizen of Texas. Plaintiff Jon Guba maintains a Texas Driver's License reflecting his address as 29750 Ancestral Trail, Bulverde, Texas 78163.[1]

6.  Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds the jurisdictional threshold. In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, ... penalties, statutory damages, and punitive damages."[2] Here, Plaintiff claims that his property, which Plaintiff

---

[1] *See* public record search reflecting Plaintiff's Texas driver's license information, attached as Exhibit "C." Further, upon conferral, Plaintiff's counsel has confirmed his belief that Plaintiff is a citizen of Texas.

[2] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract,

insured through Liberty, sustained storm damage. Plaintiff seeks damages for Liberty's alleged failure to pay what was owed under the terms of the insurance contract. The Policy in effect on the reported date of loss was a LibertyGuard Deluxe Homeowners Policy with coverage limits of $547,300 for the dwelling and $410,480 for personal property.

7.  In addition, Plaintiff seeks actual damages, cost to repair Plaintiff's property, including investigative and engineering fees incurred, to retain the benefit of the bargain, consequential damages, treble damages, 18% per annum penalty, pre-judgment interest, post-judgment interest, additional costs, exemplary damages, and costs of court.[3] Plaintiff also seeks attorney fees for bringing this suit.[4] Plaintiff's pre-suit settlement demand asserts that the specific amount owed for damages is $128,092.28, less deductible and prior payments, plus interest of $7,083.43 and attorney's fees of $2,100.00  Thus, given the Policy involved in Plaintiff's claim, the nature of Plaintiff's claim, and the types of damages sought, the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

### *The Removal is Procedurally Correct*

8.  Liberty was first served with the Original Petition in District Court on April 16, 2024. Therefore, Liberty filed its Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b)(3). On May 20, 2024, the Court issued its Standing Order (Doc. 2) ordering

---

fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

[3] *See* Exhibit A to Liberty's Notice of Removal, Original Petition, ¶¶ 52-60.
[4] *See* Exhibit A to Liberty's Notice of Removal, Original Petition, ¶ 61.

Liberty, as the party asserting federal jurisdiction, to demonstrate complete diversity of the parties. Therefore, Liberty files this Supplement to its Notice of Removal.

9. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district.

10. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filing in the state court action are attached to Liberty's Notice of Removal as Exhibit "A" filed on May 16, 2024

11. Pursuant to 28 U.S.C. §1446(d), promptly after Liberty files this Supplement to Notice, written notice of the filing of this Supplement to Notice of Removal will be given to Plaintiff, the adverse party.

WHEREFORE, Liberty Mutual Personal Insurance Company requests that this action be removed from the 466th Judicial District Court of Comal County, Texas to the United States District Court for the Western District of Texas – San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

    Respectfully submitted,

    LINDOW STEPHENS SCHULTZ LLP
    One Riverwalk Place
    700 N. St. Mary's Street, Suite 1700
    San Antonio, Texas 78205
    Telephone:    (210) 227-2200
    Facsimile:    (210) 227-4602
    dstephens@lsslaw.com
    rrabago@lsslaw.com

By: _____
David R. Stephens
State Bar No. 19146100
Rebecca M. Rábago
State Bar No. 24042442

COUNSEL FOR DEFENDANT LIBERTY
MUTUAL PERSONAL INSURANCE COMPANY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Supplement to Notice of Removal was filed electronically with the United States District Court for the Western District of Texas – San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this **24th** day of **May, 2024**, addressed to those who do not receive notice from the Clerk of the Court.

Chad T. Wilson
Jay Scott Simon
CHAD T. WILSON LAW FIRM PLLC
455 East Medical Center Boulevard
Suite 555
Webster, Texas 77598
cwilson@cwilsonlaw.com
jsimon@cwilsonlaw.com

_____
David R. Stephens / Rebecca M. Rábago

5